Mr. Justice Schauer
delivered the opinion of the Court.
Plaintiff in error was the plaintiff in the lower court and will be so referred to, or by name. Defendants in error will be collectively referred to as the city.
Plaintiff brought action for an injunction restraining and enjoining the city from interfering with access to his property from Grandview Road, located in Palmer Park, which borders his property on the north. The court denied a temporary injunction, and at a subsequent hearing upon the merits dismissed plaintiff’s complaint and entered judgment for the city. Plaintiff seeks a reversal of this judgment by writ of error.
The city offered no evidence, and plaintiff’s evidence established the following facts:
Plaintiff presently owns property, which will be referred to as the subject property, consisting of the rear portion of Lots 26 and 28, in Block K, in the City of Austin Bluffs, a subdivision of Colorado Springs, the plat of which was duly executed and recorded. The lots, as platted, are 100 feet wide, east and west, and 600 feet in depth, north and south. The plat shows that access to the lots can be gained only at their front from Chelton Road, and that no access road or alley is situated at the rear of the lots at the top of the bluff along which Grandview Road extends. The lots, as platted, extend through very rough terrain, and vehicular travel from south to north is virtually impossible.
Plaintiff originally owned the whole of these lots. The southern portion is separated from the northern *300 portion by a natural barrier, referred to as a “sheer crevasse,” running east and west. Prior to bringing this action plaintiff sold the southern 300 feet, retaining only title to the northern 300 feet, reserving no right-of-way through the tract sold, which permitted access from Chelton Road, to the retained tract.
The subject property slopes to the south, with a drop of 100 feet, as estimated by an engineer, from its north to its south boundary lines. The evidence shows that there is no access from the south for vehicular traffic; that the cost of construction of an access road from the south would be prohibitive, and that, even if possible, such a road could be used only by vehicles with four-wheel drive. The evidence does not indicate whether an access could be obtained through lands of others lying to the east and west without the use of Grandview Road.
To the north of the subject property lies Palmer Park, a tract of 700 acres, owned and used by the city for public recreational purposes. There are two paved roads leading into the park, one from the north and one from the east. These roads converge within the park, and from their junction the graveled Grandview Road runs south and then west past the subject property, the road being owned by the city and maintained with city funds. This is the only present means of access by vehicular traffic to plaintiff’s property, and the court so held.
Plaintiff started construction of a residence on the north end of his property, near the road, and applied to the city for a building permit; it was granted, however, with the written admonition that the premises for which the permit was granted would not be allowed access to Grandview Road. Plaintiff had his property surveyed and the north boundary line marked. A six-foot strip between his north boundary line and the traveled portion of the road was occupied by a ditch, across which he constructed an access driveway. The city graded the ditch two feet deeper and installed a wooden barrier. When plaintiff wanted to use this drive *301 way, he set the barrier to one side. The city then drove steel fence posts across the front of plaintiff’s property, fastening them together with soft wire. When plaintiff used the driveway thereafter, he rolled back this fence. The city then brought in a welding machine and welded a one-inch pipe across the tops of the posts, rendering the further use of the driveway impossible. Plaintiff’s building operations were effectively stopped and, as a result, this action ensued.
Plaintiff seeks reversal of the judgment dismissing his action upon two grounds:
1. The trial court erred in finding and holding that Sail’s property did not abut upon the highway maintained by the city through Palmer Park designated as Grandview Road.
2. The trial court erred in refusing to admit evidence offered in behalf of Sail to the effect that the city had permitted a number of private roadways to pass across the park property over which various individuals had access to privately owned property.
The controlling issue under plaintiff’s first argument is whether or not plaintiff has the legal right of ingress to and egress from the subject property by the use of Grandview Road. He contends that he is entitled to this right as a matter of law on the ground that his property abuts upon a public road. In the event that the properties do abut, we have no quarrel with this theory, which is approved by the authorities generally and has been approved by this court. Lewis v. Lorenz, 144 Colo. 23, 354 P.2d 1008.
It is stipulated in the record that Grandview Road is now, and has been, maintained by the city out of public tax receipt funds. Several property owners along the road testified to the long continued use of the road, not only for occasional means of access to their properties, but also by the general public, without interference by the city. Witnesses testified as to this public use during a period of many years by hundreds of people. *302 The question for our determination is: Did plaintiff offer competent evidence to establish a right of access, and sustain his burden of proof that his north property line abuts Grandview Road? We answer this question in the negative.
Our statutes do not define the verb “abut.” Webster defines the verb as meaning, “to touch at one end, border on — to come to an end-—-terminate at a point of contact — to border on — reach or touch with an end.” Webster gives the following verbal illustration: “Two lots that abut each other.” He further defines the noun “abutment” as “the place at which abutting occurs,” and again, by illustration, states “at the abutment of two properties.”
These definitions would indicate that abutting is predicated upon actual contact at the boundary or dividing line. In Black’s Law Dictionary, the word “abut” is defined as follows:
“To reach, to touch. In old law, the ends were said to abut, the sides to adjoin. * * *. To touch at the end; be contiguous; join at a border or boundary; terminate; to end at; to border on; to reach or touch with an end. * * *. The term ‘abutting’ implies a closer proximity than the term ‘adjacent.’ * *
In Millan v. City of Chariton, 124 N. W. 766 (Iowa 1910), we find the following apt definition: “* * * By the term ‘abutting property’ is meant that between which and the improvement there is no intervening land. * *
In Kemp v. City of Seattle, 270 Pac. 431 (Wash. 1928) we find the following pertinent statement:
“* * * Property is said to abut upon a street or highway when there is no intervening land between it and such street or highway. * * *.
❖ ❖ X
“When property abuts, the lot line and street line are in common. * *
In Johnson v. Town of Watertown, 38 Atl.2d 1, (Conn. *303 1944), it is stated: “Land abuts a street when there is no intervening land between it and the street.”
 Plaintiff’s witness, Kraettli, a qualified engineer and surveyor, who had made about fifty surveys in the area, identified Plaintiff’s Exhibit I, a map prepared by him based upon his surveys and which he testified correctly represents the south edge of the traveled portion of Grandview Road with reference to the subject property. At no point does it show any contact between the north boundary line of plaintiff’s property and Grand-view Road. To the contrary, this exhibit, and also the evidence of some of plaintiff’s neighbors, shows that there is a strip of land, varying in width, which separates the northern boundary of the subject property from the road. The trial court found, inter alia:
“That ‘abutting property’ is property having a common boundary and with no intervening land between. That there is a strip of land in varying widths which separates the Northern boundary of plaintiff’s tract from Grand-view Road and prevents the plaintiff from abutting upon Grandview.”
There is ample evidence in the record to support the trial court’s finding that there was a strip of land between the plaintiff’s land and Grandview Road. The evidence also reveals that the north boundary line is established by a fence, which has been in existence at its present location for more than thirty years, and has been generally recognized, and its use as a boundary line acquiesced in, by the adjoining property owners during the entire period. The fence became the line to establish the boundary between the properties. Lively v. Wick, 122 Colo. 156, 221 P.2d 374. Plaintiff’s first argument for reversal is not supported by the evidence or the law and therefore must fail.
As to plaintiff’s second argument, the offer of proof did not include any proposed proof that any other persons used Grandview Road for access to their property, as contemplated by the plaintiff, or that the road *304 situations within the park were similar to those herein involved. We believe that the court properly limited the evidence to that applicable to the controlling controversy in this case.
Generally, we find that the burden of proof was upon the plaintiff to establish his claim that he, as an abutting property owner, had the right as a matter of law to access from his property to Grandview Road. We believe that he did not sustain that burden.
The city is not satisfied with that part of the judgment declaring Grandview Road to be a public street and asks that the finding of the court in that respect be corrected to declare that the road is not a part of the public street system of the city, but rather a facility of Palmer Park for the purpose of permitting full use of the park. This issue does not require a determination in view of the affirmance herein of the trial court’s finding that the plaintiff’s property and the road do not abut and plaintiff’s desired access is not permitted. Therefore, that portion of the judgment declaring Grandview Road to be a public street is ordered striken.
A review of the pleadings, the evidence, and the applicable law gives ample reason to support the judgment of the trial court.
The judgment is affirmed.
Mr. Justice Moore and Mr. Justice Frantz dissent.